STEWART *against* The inhabitants of the town of SHERMAN.

Though the party, whose admissions are proved, is entitled to have the whole conversation taken together, to shew distinctly what his full meaning was, and to prevent its being perverted, by proof of a part only ; yet he cannot explain or disprove his admissions, at one time, by proof of his own declarations, at a subsequent time, relating to the same subject.

And it is the *time*, and not the *subject* or *nature*, of a conversation, which determines its identity.

Therefore, where the defendants in an action for the support of a person claimed to be a pauper, introduced the admissions of the plaintiff, made during a conversation and negotiation had with them relating to his claim, that a certain note was the property of the alleged pauper ; it was held, that the plaintiff could not prove, that in a conversation with the defendants, at a subsequent time, relating to the same subject, and in continuation of the same negotiation, he declared, that such note was not the property of the alleged pauper.

In an action against a town for the support of a person alleged to be a pauper, the liability of the defendants depends not on the question whether such person had property, to which *the plaintiff could have recourse* for his support, but whether he was in fact a pauper ; for if he had estate, whether accessible or not to the plaintiff, the town could not be subjected for his support.

A new trial having been granted, pursuant to the decision of this Court, (4 *Conn. Rep.* 553—7.) the cause was tried again, at *Danbury, September* term, 1823, before *Brainard,* J.

To shew that *Wright*, for whose support the action was brought, was not a pauper, within the meaning of the law, the defendant introduced evidence tending to prove, that during all the time the plaintiff supported *Wright*, the plaintiff had in his hand a promissory note belonging to *Wright*, against one *Sylvanus Stewart*, a man of property ; and one part of such evidence was the testimony of *Ezra Graves*, one of the select-men of *Sherman*, that in *February* preceding, a conversation and negotiation were had between the plaintiff and him, respecting the delivery of the note to such select-men ; at which time, the plaintiff declared, that the note was *Wright's* property. To rebut this evidence, the plaintiff offered testimony to prove, that in pursuance of the negotiation before-mentioned, he met the select-men, a short time afterwards, and delivered the note to them, declaring, that it was not the property of *Wright*. To the admission of the latter evidence the defendants objected ; but the judge admitted it.

The judge, in his charge to the jury, stated to them, that one of the questions, which they were to decide, was, whether *Wright* had property, to which the plaintiff could have had recourse. The jury returned a verdict for the plaintiff; and the defendants moved for a new trial, on the ground of error in the admission of evidence, and for a misdirection.

*N. Smith* and *Sherman*, in support of the motion.

*Daggett*, contra.

HOSMER, Ch. J. Two questions are raised in this case ; 1st, Whether the testimony was duly admitted ; and 2ndly, Whether the charge to the jury, in one particular, was correct.

1. To show that *Wright* was not a pauper, within the meaning of the law, testimony was adduced, by the defendant, to prove, that the plaintiff had in his hands, during the supplies advanced, a promissory note, in favour of the said *Wright*, and against one *Sylvanus Stewart*, a man of property ; and that a conversation and negotiation were had concerning the delivery of the note to the select-men of *Sherman*, at which time the plaintiff declared, that it was the property of *Wright*. To rebut this evidence, the plaintiff offered testimony to show, that in a subsequent conversation with the select-men, the project of negotiation still continuing, he affirmed, that *Wright* was not

*Fairfield,
June,
1824.*

Stewart
*v.*
Sherman.

Fairfield,
June,
1824.

Stewart
v.
Sherman.

the owner of the preceding note. This evidence the judge admitted.

It is a correct principle, that the whole of a conversation must be taken together, in order to show, distinctly, the full meaning and sense of the party; and the same rule is equally applicable to answers in chancery. 1 *Phil. Ev.* 79. and the cases cited in the note. The question is merely this; whether a particular conversation is part of a preceding conversation, because a negotiation begun was still pursued. Every person, who understands the meaning of the enquiry, must answer, from intuitive evidence, that the conversation, in the manner above-mentioned, was not the same. The past and future cannot thus be brought together, in order to form an artificial identity. The law never intends, that a party may make evidence for himself, from his own declarations, but merely, that the meaning of a conversation shall not be perverted, by proof of a part of it only. The admission of the evidence, was in contravention both of the letter and the reason of the rule.

2. With respect to the charge, the case was put, by the judge, on a wrong ground. The jury were directed to enquire, whether *Wright* had property, *of which the plaintiff could avail himself;* wheras, the only legal enquiry was, whether *Wright* was a pauper. Whether the property was accessible or not, or could be reached by the plaintiff, was not a proper enquiry. The obligation of the town of *Sherman*, depends on the question of *Wright's* pauperism, and not on the difficulty of obtaining his property. If he had estate, he was bound to support himself; and no person, by administering to his request, and not to his necessities, could claim a reimbursement from the town of *Sherman*.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial to be granted.