SCOVELL *against* KINGSLEY.

Where a witness, introduced by the plaintiff, in an action of slander, to prove the speaking of the words, was unable to say, whether the words were spoken before or after the commencement of the suit ; it was held, that his testimony was inadmissible.

THIS was an action of slander, tried, under the general issue, at *Brooklyn, January* term, 1828, before *Lanman,* J.

The words alleged as slanderous in the first and third counts of the declaration, were these :  " *Amherst Scovell* keeps a false record.   In a suit before him between *Lovell Rogers* and *Hubbard Phelps,* he certified in the copies of the record, that the bond for prosecution was ten dollars, whereas in the original it was forty dollars ; and the judgment in that cause was rendered for fifteen dollars damages, whereas in the copies he has certified, that it was for twelve dollars damages.   He has made a false certificate of the copies."   These words, it was averred, were spoken of the plaintiff, in his office of a justice of the peace, with reference to an action at law, tried before him, in *March* 1822.   In support of the allegations in the first and third counts, the plaintiff offered the testimony of *Hezekiah Hartshorne,* that a year or more before the trial, (he could not swear to the precise time) he heard the defendant say, that the plaintiff, as a justice of the peace, kept false records, and altered them, after made, to suit himself.   The defendant objected to this testimony, that unless the witness could say, that the words were spoken before this action was brought, it was inadmissible.   The judge overruled the objection, and allowed the testimony to go to the jury, observing, that it was " a fit kind of evidence for them to weigh and deliberate upon, in this case."   In his charge to the jury, the judge said :  " The plaintiff, in this case, as in all others, must prove the matters alleged as the cause of action to have taken place *prior* to the suit for its redress.   But it is for the jury to decide, upon the proof before them, whether or not this is made out, by the testimony they have heard, as to the first and third counts, as well as the others.   As to the first and third counts, if the jury should be of opinion, that the words proved were not spoken until *after* the date of the writ, their verdict on those counts will be for the defendant."   The jury returned a verdict for the plaintiff: and the defendant moved for a new trial.

*Strong*, in support of the motion, contended, That the jury should have been instructed, that under the testimony of *Hartshorne*, they could not find the defendant guilty, under the counts in support of which it was adduced.

*Goddard*, contra, insisted, That whether the testimony of *Hartshorne* proved the first and third counts, was properly left to the jury, with a charge that the words must be proved to have been spoken before the action was commenced.

DAGGETT, J. It is a very plain principle of law, that the plaintiff could not support the issue joined on either of these counts, unless he proved the words to have been spoken *before* the date and service of the writ. The *time*, then, of speaking the words, became material, and thus far indispensable. The testimony of *Hartshorne* leaves it in entire uncertainty ; and thus it is not, and cannot be ascertained, whether the testimony is relevant and admissible, or irrelevant and therefore improper. Surely, such testimony cannot be legal ; for the rule of law, and the only reasonable principle, is, that he who offers testimony in support of a fact, should show it, pertinent to the issue. But in this instance, upon the principle assumed, the jury must ascertain, *without any proof, when the words were spoken*, and then either reject the testimony, as not bearing on the issue, or admit it, as pertinent. The testimony is to be weighed and deliberated upon, by the jury, as to the point of its legality, and not as to its import. This is manifestly irregular. No principle is better settled, than that the question of the legality of testimony, must be decided by the court ;—its weight, when admitted, is to be ascertained by the jury. Such testimony might have been received to prove *malice*, but not to support the *right* of recovery.

Any further observations on a point so plain, would be superfluous. A new trial, is, therefore, to be granted.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

New trial to be granted.