Robinson
v.
Ferry.

ROBINSON and another *against* FERRY and another :

### IN ERROR.

Where a declaration of a party is relied upon as evidence against himself,
he is entitled to have the entire conversation given ; but he cannot prove
any other declaration made by him, to qualify, explain or detract from the
declaration proved, which is not a part of the same conversation ; and the
burden of showing it to be so, lies upon him.

Therefore, where the plaintiff, in an action on a promissory note, proved, by
a witness, that the defendant admitted the genuineness of the signature ;
and, on cross-examination, the witness said, that either at that time, or at
some other subsequent conversation,—he was uncertain which,—the de-
fendant declared, that the note was obtained fraudulently and without
consideration ; it was held, that proof of the latter declaration was inad-
missible.

It is exclusively the province and duty of the court to decide upon the admis-
sibility of evidence ; and where it involves a matter of fact, that also is to
be determined by the court.

THIS was an action brought by *Ferry* and *Ward* against
*Robinson* and *Hall*, on a promissory note. The defendants
pleaded the general issue and a special plea, on which issues
were joined.

On the trial of the cause in the county court, the plaintiffs
introduced a witness to prove, that the defendants, in a conver-
sation with him, admitted, that they executed the note in suit,
and that it had been duly presented for payment ; and upon
this evidence the plaintiffs rested their case. The defendants'
counsel, on cross-examination of the witness, asked him,
whether one of the defendants (*Robinson*) did not declare, at
the same time, that the note was fraudulently obtained, and
was without consideration ? The witness answered, that either
at that time, or at some other subsequent conversation, *Robin-
son* did so declare ; but whether it was at the time he so ad-
mitted the execution and presentment of the note, or at such
subsequent conversation, the witness was uncertain. The
plaintiffs' counsel objected, that this declaration of *Robinson*,
that the note was fraudulently obtained and was without con-
sideration, was not, under the circumstances, admissible in
evidence. The defendants' counsel insisted, that it ought not
to be excluded, contending that the jury might infer from its
relation to the note that it took place at the former conversa-

*New-Haven, July, 1836.*

*Robinson v. Ferry.*

tion, and that the defendants' counsel would have a right so to argue to the jury. The court decided, that the answer so excepted to should be received, and considered by the jury as legal evidence in the cause, provided they should find, that the declaration so excepted to, formed a part of the conversation, in which the execution and presentment of the note were admitted ; otherwise, not.

A bill of exceptions being filed to this decision, a writ of error was brought in the superior court, and the judgment of the county court reversed. The defendants in the original action, by motion in error, then brought the record before this court for revision, assigning for cause of error, that the answer of the witness upon his cross-examination, was legal evidence in the cause, and that it ought to have been considered by the jury, as was adjudged by the county court.

*Beach* and *Ingersoll*, for the plaintiffs in error, contended, 1. That the signing and presentment of the note having been proved, by a witness testifying to the admissions of the defendants, they had the right, on cross-examination, to draw from him the *whole* conversation. *Ives* v. *Bartholomew*, 9 *Conn. Rep.* 309. *Clark* v. *Smith*, 10 *Conn. Rep.* 1.

2. That the answer of the witness on his cross-examination, was admissible and proper to *discredit* his testimony on his examination in chief. The witness was doubtful whether the whole conversation at the time, was not such as to destroy the admissions to which he at first testified : for he says, that at the very time when the signing of the note was admitted, or at a subsequent time, he is doubtful which, the defendant, *Robinson*, also said, that the note was without consideration and fraudulently obtained. The defendants were entitled to the benefit of this doubt with the jury; as well as the manner in which the witness, on cross-examination, expressed it. The court could not withdraw this doubt from the jury and make the testimony different from what the witness made it—render that certain which the witness declared to be uncertain.

*Baldwin* and *Chapin*, contra, contended, 1. That the testimony in question was inadmissible. *Scovill* v. *Kingsley*, 7 *Conn. Rep.* 284.

2. That it was the duty of the court to decide definitively

*New-Haven,
July, 1836.*

Robinson
*v.*
Ferry.

upon the admissibility of the testimony, without leaving it to the jury to find whether it was admissible or not.

CHURCH, J.   It is a correct rule, that where any part of the conversation of a party is relied upon, as making evidence against himself, the entire conversation is to be given, as necessary to qualify or explain the meaning of the person speaking, who is the best interpreter of his own language.   But it does not follow, because the whole conversation is related, that therefore that part of it which is favourable, as well as that which is adverse to the interest of the speaker, is true, or should be believed or is material.   These must depend upon the nature and probabilities of the facts and circumstances of each case. *Stewart* v. *Sherman,* 5 *Conn. Rep.* 244.   *Ives* v. *Bartholomew,* 9 *Conn. Rep.* 309.   *Thompson* v. *Austin,* 2 *Dowl. &* *Ryl.* 358.

But where one declaration or admission of a party is claimed as admissible to qualify another, it must be such a declaration as is connected with and makes part of an entire conversation, of which such other is also a part ; and the burden of proving it to be so, lies upon him who claims it as admissible.   *Thompson* v. *Austin,* 2 *Dowl. &* *Ryl.* 358.   *Scovill* v. *Kingsley,* 7 *Conn. Rep.* 284.

In the present case, the defendants failed in this proof.

It is true, as the defendants claimed, that it was incumbent upon the plaintiffs to prove their own case ; and this they did, when they had proved, by the acknowledgment of the defendants, the execution and presentment of the note.   The burden of defence was then assumed, by the defendants ; and they were unsuccessful in it, because the witness, upon whom they relied to rebut or detract from the force of the acknowledgments proved by the plaintiffs, was unable to testify to the very material fact, that the declaration made by *Robinson*, that the note in controversy was obtained by fraud, was part of the same conversation in which the execution of the note was admitted.

The county court also erred in submitting to the jury the decision of a matter of law, which it was its own duty to have determined.   The evidence objected to was admitted to go to the jury, and be considered by them, if they should find it to have been a part of the entire conversation upon which the

plaintiffs relied ; or what is the same, if they should find, that the declaration of *Robinson* was legal evidence. Although it is the privilege and prerogative of the jury to determine all matters of fact, which are involved in the issue submitted to them ; yet it is equally the exclusive duty of the court to determine all matters of law, even if they involve the necessity of deciding upon the truth of facts. Thus, it is the duty of the court to determine all matters of fact which go to show, that offered evidence is either admissible or not. If a witness be objected to, on account of interest, the court must examine and decide upon the facts which go to prove or disprove such interest. *Cook* v. *Mix*, ante, 432. If a deposition be objected to, as having been fraudulently or otherwise illegally taken, the court, and not the jury, is to enquire into the facts upon which the objection is founded. And so in the case at bar, it was for the court to have decided the fact which was submitted to the jury, that it might determine whether the declaration of *Robinson* was admissible as evidence. If upon such examination of facts, by the court, it decides to admit evidence, it is for the jury to consider, weigh and apply it ; but if it be rejected, the jury has no legal right even to know that it was ever offered. *Scovill* v. *Kingsley*, 7 *Conn. Rep.* 284.

But another peculiarity observable in these proceedings of the county court, is, that it submitted to the jury to find a fact, and be governed by the result, when no proof or evidence of the truth of such fact had been heard.

Again ; it was contended, by the defendants, that the answer of the witness upon his cross-examination, was admissible and ought to have been considered by the jury, as a matter affecting his credibility. We do not discover how the circumstance relied upon, that the witness could not recollect at what time the declaration by *Robinson* was made, could, in the least degree, be made to bear upon his credibility or detract from the testimony he had given upon his examination in chief. If there was any peculiarity of manner in the witness in answering the question, which might have affected his credibility, we cannot know it ; and if it were indeed so, it could not render the answer admissible as evidence of any fact.

We entertain no doubt upon either question submitted by

*New-Haven, July, 1836.*

Robinson
*v.*
Ferry.

this record, and are of opinion, that there is nothing erroneous in the judgment of the superior court.

The other Judges concurred in this opinion.

Judgment affirmed.