Johnson C. J., delivered the opinion of the court. The record in this case raises but one single question for the'consideration and decision of this court. The points heretofore decided by this court, we consider in strict accordance with the law, and the only question which now remains for our decision, is whether the court below should have granted a new trial upon the ground that the verdict of the jury was contrary to the evidence.In order to authorize a Hew trial upon the ground that the verdict is contrary to the evidence, it is essentialjhat it should not only be against the weight of evidence, but that it should be so much so as on the first blush of it to shock our sense of justice and right. We will now inquire whether the facts of this case are such as to bring it within the rule here laid.down. It is objected by the defendant that the account current between Hazen and Hutchison, which was rendered by Iiazen himself, is not entitled to full credit, since it does not appear by what means the plaintiff became possessed of it. In the absence of proof, to the contrary, the legal presumption is, tha the obtained possession of it fairly, and in the regular course of business. There is no attempt to show, nor is there any insinuation, that he used any unfair or dishonest pfactices to possess himself of it. The admissions of a party when they militate against his own interest, and are made freely and voluntary, furnish the highest possible evidence against him. It is a general .rule with respect to admissions, as -it is in all other cases, that where an entry or declaration is entire, and one part is explained by another, the whole is to be taken as evidence. What credit is to be given to the whole or part is a question for the consideration and discretion of the jury; and, therefore, where a party has admitted the claim made by another, but at the same time has made a counter claim, his statement of a counter claim is evidence to be left to the jury, as to the existence of such counter claim. See Starkie on Evidence, 2 Vol., p. -, and the cases there cited. But what a party to a cause had said at one time cannot be given in evidence, by himself, to explain what he has said at a former time, which the other party has given in evidence. Blight vs. Ashley et al., 1 Pet. Rep. 15. Stewart vs. The Inhabitants of Sherman, 5 Conn. 244. Newman vs. Bradley, 1 Dallas 240. Farrel vs. Miller, ib. 392. Carven vs. Tracy, 3 John. 427. Fenner vs. Lewis, 10 J. R. 38. Wailing vs. Toll, 9 John. 141. We will now proceed to apply these tests to the case before us. The plaintiff in the court below introduced, as evidence to the jury, a draft drawn by Hutchison in favor of himself, and accepted by the defendant upon the condition that the claims of Hutchison against the General Government should not be curtailed below the amount of his own demand against him. He also offered, at the same time, a statement of the account between Hutchison and the defendant, which was admitted by the defendant to be in his own hand-writing, for the purpose of showing that the contingency, upon the happening of which the said acceptance was to become absolute, had actually occurred. In this statement the defendant charged himself with the sum of one hundred and thirty dollars, which he acknowledges to be the amount of his acceptance to the plaintiff. The condition upon which the defendant assumed the payment of the debt, was that the claim of Hutchison against the government should not be curtailed below the amount of his claims against him, and in the account rendered by himself, it clearly appears that such curtailment was not made. The statement in writing is certainly equal in grade and dignity, as evidence, to a mere verbal declaration. Here then is a free and voluntary admission, that the s.um claimed in the declaration is due and owing to the plaintiff. But the defendant on the trial attempted to escape from the consequences of his own admissions by showing, and that, too, by the pin in tiff’s attorney, what he himself had said before the institution of suit, in order to explain, and even to destroy the force and effect of the statement formerly rendered by himself. The testimony of Walker was clearly illegal, and would have been excluded, had a motion been interposed for that purpose. Another question arises in this case, and that is whether in the event of its being returned to the court below, there is a probability that the result would be different upon another trial. The case, when stript of all foreign and extraneous matter, would leave the defendant without one scintilla of evidence upon which to rest his defence. The defendant did not offer one particle of evidence which was not illegal, and which would not have been excluded upon motion; and the jury having found against him, after having been permitted to introduce a mass of matter to which he was not entitled by law, he has but little cause to complain. The evidence introduced by the plaintiff, was competent to go to the jury, and it was their province to consider of its sufficiency. True it is, if the jury, instead of finding for the plaintiff had found against him, he would have been estopped from any advantage of the illegal matter introduced by the defendant, because he stood silently by and permitted it to go to the jury without raising any objection to it. This case, when viewed in its most favorable light, on the side of the defendant, cannot reach higher than a mere question of preponderance of testimony, and in all such cases, the jury are the proper and exclusive judges, unless there is such a palpable departure from the evidence as to shock the sense of right and justice. We are of opinion, that the verdict in this case, is sustained by the soundest and best established principles of law, and that therefore it ought not to be disturbed. It is therefore considered and adjudged, by the court, that the judgement of the court below be affirmed with costs.