JOHN BULKLEY *vs.* DANIEL N. MORGAN AND ANOTHER.

A seller of goods, who has the right to rescind the sale on the ground of fraud, is bound, as against third parties, to do so with no unreasonable delay after discovering the fraud.

The plaintiff, after discovering that a sale of goods which he had made was obtained by fraud, brought assumpsit for the price against the purchaser and attached the same goods in his hands. Soon after another creditor of the purchaser attached the same goods. After both suits had been in court more than a year the plaintiff became satisfied that his suit could not be maintained because prematurely brought, and withdrew it. He then demanded the goods of the other creditor and of the officer who held them under his attachment, claiming to have rescinded the sale on account of the fraud, and afterwards brought trover for them against the creditor. Held that the plaintiff, by bringing and prosecuting for so long a time his suit for the price of the goods, had affirmed the sale.

It seems that the mere delay, after knowledge of the fraud, would have been sufficient to destroy the plaintiff's right to rescind the contract of sale.

TROVER for a quantity of goods; brought to the Court of Common Pleas in Fairfield County, and tried to the court on the general issue, with notice, before *Hall, J.* Facts found and judgment rendered for the defendants, and motion in error by the plaintiff. The case is sufficiently stated in the opinion.

*H. S. Sanford,* in support of the motion.

*R. E. De Forest,* contra.

PARK, C. J. It is found in this case that one Brennan purchased the goods in question of the plaintiff by fraud. The plaintiff discovered the fraud a few days after, and immediately commenced an action of assumpsit against Brennan for the value of the goods, and attached the property which had been sold to secure the claim. The action was brought to the City Court of Bridgeport, to be held on the first Tuesday of September, 1877. Soon after the bringing of the plaintiff's suit the defendants, Morgan & Hopson, brought a suit against Brennan, and attached the same property. At the September term of the City Court the defend-

ants, under the statute authorizing it, entered their appearance for the defendant in the plaintiff's suit. The plaintiff knew of the subsequent attachment of the property by Morgan & Hopson, and the reason why they entered an appearance to defend Brennan in the suit brought by himself. The plaintiff prosecuted his suit till the 24th day of November, 1877, when he became satisfied that it had been prematurely brought; he thereupon withdrew it and paid costs to the defendant. Morgan & Hopson recovered judgment in their suit against Brennan, and on the 13th day of February, 1878, took out execution and had it levied on the property in satisfaction of the judgment. Between the 4th and 13th days of February the plaintiff made demand upon the officer who had the goods in custody, and on Morgan & Hopson for the goods, claiming to have rescinded the sale on the ground of fraud. They refused to surrender them, and he then brought the present suit against Morgan & Hopson.

The question in the case is, whether the plaintiff had the right, as against these defendants, to rescind the sale he had made of the goods to Brennan, as late as the month of February, 1878, when he made his demand for the goods upon the defendants. The plaintiff had full knowledge of the fraud which had been practiced upon him in the sale of the goods as early as the 24th day of August, 1877. The claim is that he lost his right of rescission as against the defendants by unnecessary and unreasonable delay.

When the plaintiff became apprised of the fraud, he had the right to rescind the contract of sale if he was so disposed and repossess himself of the goods, but, as against third parties, it was his duty to do so, if at all, without any unnecessary delay. 2 Parsons on Contracts, 780; Chitty on Contracts, 408, 680; 2 Addison on Contracts, 250; *Selway* v. *Fogg*, 5 Mees. & Wels., 74; *Masson* v. *Bovet*, 1 Denio, 69; 1 Smith's Leading Cases, 355.

There was not only this long and seemingly wholly unnecessary delay in rescinding the contract, which would seem of itself sufficient to deprive the plaintiff of the right of rescission as against the defendants, but the plaintiff affirmed the

contract by bringing his suit for the price of the goods after he had full information of the fraudulent purchase, and insisted upon his rights under the contract by prosecuting his suit for a period of five months, when he discovered that he could not maintain it because it had been prematurely brought. At this time defeat in his suit was equivalent to the loss of his claim on the contract, for the defendants' attachment would take precedence of a new attachment by the plaintiff, and would deprive him of the opportunity to secure his claim on the contract, since the property would not more than satisfy the defendants' demand. His only remaining chance of success was in rescinding the contract and reclaiming the goods, which he attempted to do in February following, when he made his demand.

But the plaintiff, having affirmed the contract with full knowledge of all the facts, could not afterwards rescind it. He was bound by his affirmation. Benjamin on Sales, 342; 2 Parsons on Contracts, 781, note; *Ferguson* v. *Carrington*, 9 Barn. & Cress., 59; *Kimball* v. *Cunningham*, 4 Mass., 502; *Butler* v. *Hildreth*, 5 Met., 52; 1 Smith's Lead. Cases, 355.

There is no error in the judgment complained of.

In this opinion the other judges concurred.