WILLIAM E. DISBROW *vs.* JEROME B. SECOR AND OTHERS.

Fairfield Co., March T., 1889.   CARPENTER, PARDEE, LOOMIS and
BEARDSLEY, Js.

One who undertakes to act as agent for another cannot, in the matter to which his agency relates, act for himself.   He cannot, if employed to purchase for another, be himself the seller.

If he does so it is the right of the principal upon learning of it to rescind the contract and reclaim whatever he has paid as the consideration for the purchase.

But he may, if he will, retain the property so bought, and affirm the contract.

But a party seeking to avoid a contract on the ground of the fraud of the other party, must offer to return to him whatever he has received under the contract, and thus put him in the same condition in which he was when the contract was made.

And the offer should be made as soon as the fraud is discovered.

[Argued May 8th—decided June 3d, 1889.]

SUIT for an interpleader as to the ownership of certain oil paintings in the possession of the plaintiff; brought to the

Superior Court in Fairfield County, and heard before *Fenn*, *J.* The defendants were Jerome B. Secor, L. F. Curtis and Edward Moran, each of whom filed an answer setting forth his title. The court found that a part of the pictures belonged to Secor and a part to Curtis, and none of them to Moran, and rendered judgment accordingly. Moran appealed. The points of law decided by this court will be clearly understood from the opinion, without a statement of the facts, which are complicated and presented at much length in the finding.

*A. Thain*, of New York, with whom was *D. F. Hollister*, for the appellant.

*J. C. Chamberlain*, for the defendant Jerome B. Secor.

*C. Thompson*, for the defendant L. F. Curtis.

BEARDSLEY, J. The court finds that D. P. Secord, with whom the claimant Moran entered into the agreement to exchange the pictures in question for the real estate, falsely represented to Moran that the real estate was the property of one Taylor, while in fact it was his own, and that Moran, relying upon such representation, confided in the statements of Secord regarding the property, and made him his agent to procure it for him, and that Secord, while professing to act as such agent, and for the best interest of Moran, was selling his own property to him for the best price he could get.

The first claim of Moran is, that the agreement of exchange was void by reason of this fraud of Secord.

The rule of law unquestionably is, that one undertaking to act as agent for another, cannot in the matter to which his agency relates, act for himself. He cannot, if employed to purchase from another, be himself the seller. If he does so, it is the right of the principal upon learning it to rescind the contract, and reclaim whatever he has paid as the consideration of the purchase. But the sale is not void.

The principal may, if he will, retain the property so sold, and if he does so he cannot, of course, reclaim the consideration paid. Chitty on Contracts, 815 ; 1 Benjamin on Sales, 568; *Brown* v. *Pierce*, 97 Mass., 46 ; *Rowley* v. *Bigelow*, 12 Pick., 307.

But Moran claims that if the agreement in question is voidable only and not void, he had avoided it by exercising his right to rescind it, and that thereby the title to the pictures vested in him.

The facts to which we have referred in connection with the claim of Moran would, if standing alone, have entitled him to annul the contract, but they are complicated with another fact which might raise a question as to his right to do so. Moran employed Secord as his agent to exchange his pictures for real estate, believing that Taylor owned the real estate, and that Taylor had employed him to dispose of it for the pictures, and had intrusted him with the selection and valuation of the pictures.

Moran paid Secord for promoting his interest in the bargain, which he must have believed could be done only at the expense of his supposed employer's interest. It seems clear that if Secord's story in relation to his agency for Taylor had been true, Taylor would have been entitled to rescind the contract on the grounds of a corrupt combination between Moran and Taylor's agent. We do not decide whether upon the facts Moran would have had a right to rescind. The question was not raised upon the argument and is immaterial to a decision of the case, because, aside from this, Moran has not rescinded the contract.

The finding is that he fully learned the facts concerning Secord's connivance with the transaction in the spring or early summer of 1880, but made no complaint, being on the whole not dissatisfied with the exchange. About that time he moved into the Brooklyn house, and continued to occupy it for about a year, and in 1884 he sold the Mount Vernon lots for $1,000 more than the incumbrance upon them and appropriated the money.

The proposition which he made in December, 1880, to

re-exchange the property for the pictures, shows that he then regarded himself as the owner of the real estate. The offer made to Jerome B. Secor in April, 1881, to give back the real estate if he would give back the pictures, threatening to sue Secord for fraud if the offer was not accepted, could not affect the latter. It does not appear that the suit, which was brought in August, 1881, was based upon the theory that Moran was then the owner of the pictures. It was an action for fraud, as the finding states. It does not appear that J. B. Secor, who had possession of the pictures, was a party to it.

The inference is that it was in affirmance of the contract of exchange, so far as the present question is concerned, rather than in avoidance of it.

The unquestioned rule of law is that a party seeking to avoid a contract on the ground of the fraud of the other party, must offer to return to him whatever he has received under the contract, and thus put him in the same condition in which he was when the contract was made. We think that upon principle the offer should be made as soon as the fraud is discovered. In *Grymes* v. *Sanders*, 93 U. S. R., 55, the court say :—" When a party desires to rescind upon the ground of mistake or fraud, he must, upon discovery of the facts, at once announce his purpose and adhere to it. If he is silent and continues to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the fraud had not occurred. Delay and vacillation are fatal to the right which had before existed." See also *Beetem's Admrs.* v. *Burkholder*, 69 Penn. St., 249; *Buckley* v. *Morgan*, 46 Conn., 393.

The authorities all agree that if the plaintiff, knowing the fraud, elect to treat the transaction as a contract, he loses his right to rescind.

In the present case the plaintiff, with full knowledge of all the facts, not only made no offer to return the real estate conveyed to him, but took the benefit of the contract by

occupying a part of it as his own, and selling for his benefit the other part.

Whether the court properly allowed the question put to Moran on cross-examination is immaterial in this view of the case; we think however that it committed no error in doing so.

We conclude that Jerome B. Secor owns the pictures sold to him by Secord, except such as he sold to L. F. Curtis.

There is no error in the judgment complained of.

In this opinion the other judges concurred.