## THE SOPER LUMBER COMPANY *vs.* THE HALSTED AND HARMOUNT COMPANY.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A defrauded vendor may maintain replevin for the goods against the fraudulent vendee, or against a *mala fide* purchaser from the latter, without first reimbursing or offering to reimburse the defendant for freight charges which he had paid to obtain possession of the goods.

Under such circumstances the institution of the action of replevin is in itself a sufficient rescission of the contract of sale.

Evidence that the plaintiff in such action of replevin ratified the sale after discovering the alleged fraud, is admissible in behalf of the defendant, and may be rebutted by the plaintiff.

The trial judge is not obliged to read to the jury written requests to charge which have been handed to him, nor to inform them that such requests have been received.

Evidence that one who made false statements of his financial condition to a commercial agency did not have the plaintiff in mind when he made them, is immaterial, provided the false statements were made with full knowledge that they would be used by the agency in answering inquiries as to his credit.

Rulings upon evidence should be concisely presented and without an extended stenographic report of the wrangles of counsel.

Argued January 15th—decided March 6th, 1901.

ACTION of replevin to recover the possession of certain lumber, brought to the Superior Court in New Haven County and tried to the jury before *Thayer, J.;* verdict and judgment for the defendant, and appeal by the plaintiff for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Hobart L. Hotchkiss* and *J. Birney Tuttle*, for the appellant (plaintiff).

*Talcott H. Russell*, for the appellee (defendant).

TORRANCE, J.   The plaintiff sold and delivered a quantity of lumber to one Russell, who sold the same to the defendant, and this suit is brought to recover the lumber from the defendant, on the ground that Russell obtained the lumber by fraud, and that the defendant is not a *bona fide* purchaser from Russell.

The plaintiff claims that the trial court erred in its charge as given, in refusing to charge certain requests, and in certain of its rulings upon evidence.

The material facts that the plaintiff claimed to have proved, bearing upon the alleged errors in the charge, are these : The plaintiff is a corporation located in Chicago, and Russell is a resident of New Haven in this State. In March, 1899, Russell, in writing, ordered the lumber here in question of the plaintiff, and the plaintiff in writing accepted the order. The amount of the order was about $1,000. ·By the agreement between the plaintiff and Russell, the lumber was to be delivered to him at New Haven, free on board the cars, upon a credit of three months, but Russell was to pay the freight in New Haven, as part of the purchase price, and deduct it from the bill when that fell due. In the latter part of May, 1899, the plaintiff shipped the lumber to New Haven,

and sent an invoice or way bill thereof to Russell.    The lumber arrived in  New  Haven  on  the 7th of June following. Russell sold it to the defendant, and gave it an order for the lumber upon the railroad company, in whose custody it then was.    The defendant paid the freight, amounting  to  $55.20, and the lumber was delivered to it and taken to its yards on the 9th of June.

The plaintiff claimed to have proved that said sale and delivery of the lumber to Russell had been procured by the fraud of Russell in making to the plaintiff, through a commercial agency, certain false statements as to his financial ability and condition ; that the defendant had purchased the lumber from Russell with knowledge of that fraud, and consequently was not a *bona fide* purchaser ; that the plaintiff did not discover said fraud until the 26th of June, 1899, when it received a letter from Russell, stating his inability to pay his debts, and offering to compromise with his creditors for twenty cents on the dollar ; that as soon as it discovered said fraud it disaffirmed and rescinded said sale to Russell and brought this suit.    There was no evidence before the jury tending to show that the plaintiff had ever paid or tendered to Russell, or to the defendant, the whole or any part of the freight money paid by the defendant.

The defendant claimed to have  proved  that Russell had committed no fraud in procuring said sale, and that it was a *bona fide* purchaser for value from him.

Upon the state of facts which the plaintiff claimed to have proved, one important question was whether the plaintiff could maintain this action without payment or tender to Russell, or the defendant, of the amount paid by the defendant for freight.    That the case turned, or may have turned, upon the answer given by the court to this question, is indicated by the fact that after the jury retired they came into court and asked this question, in substance : Must the plaintiff have tendered the freight to the defendant to enable it to get a verdict in its favor?    The court in answer to this question, as it had before in the charge, said, in substance, this : If the arrangement between Russell and the plaintiff

was that the freight which the plaintiff was bound to pay should be paid at New Haven by Russell, and deducted from the price of the goods, and that was done, then, until the plaintiff had given notice of the rescission of the sale and tendered the payment of the money that had been paid for freight for its benefit, it could not replevy the goods, because the defendant would be entitled to hold them until it had been made good for the money it had advanced for the plaintiff, just the same as though it had paid the plaintiff a part of the price of the goods. The jury were thus distinctly told, in effect, that even if they found that Russell was a fraudulent vendee, and the defendant a *mala fide* purchaser from him, still, if the plaintiff had not tendered to the defendant the money advanced for freight, the plaintiff was not entitled to a verdict.

We think the court erred in so charging. It is unquestionably the general rule of law, that a vendor seeking to avoid a sale for the fraud of the vendee must return or offer to return to him whatever of value the vendor has received from him under the contract; *Disbrow* v. *Secor*, 58 Conn. 35; Benj. on Sales (7th Amer. Ed.) § 452, and cases cited in note, p. 474; but the important question is whether this case, upon the facts claimed to be proved by the plaintiff, falls within this general rule, and we think it does not. Upon these facts, the plaintiff did not receive anything of value from the defendant under the contract with Russell. Russell did not assign the contract of sale to the defendant. Russell became the owner of the lumber and then sold it to the defendant. Whatever the defendant owed for the lumber it thus owed to Russell, and whatever it paid thereon, in the shape of freight bills or otherwise, it paid to Russell, and not to the plaintiff; and there is no rule of law that required the plaintiff, under such circumstances, to reimburse or offer to reimburse the defendant for what it advanced to Russell in furtherance of the fraud of which it was claimed both were guilty.

It is claimed, however, by the defendant, that the freight bill was in effect paid by Russell, and that the evidence shows that no tender was made to him of the amount so paid; and

for the purposes of the argument it will be assumed that this is true. The defendant claims that in order to rescind the contract it was necessary that the plaintiff should tender to Russell the amount paid for freight. One possible answer to this claim is that the defendant, a wrongdoer as the plaintiff claims, cannot avail itself of the fact that no tender was made to Russell, a stranger to this suit, even assuming that if the suit had been against Russell he could have availed himself of such fact. It has been held that a defrauded vendor may disaffirm the sale and reclaim the property in the hands of a subsequent *mala fide* purchaser, without tendering to the original purchaser the amount paid by him, and that such *mala fide* subpurchaser cannot avail himself of such failure to tender to the original purchaser. *Pearse* v. *Pettis*, 47 Barb. 276 ; *Frost* v. *Lowry*, 15 Ohio, 200 ; *Clough* v. *London & N. W. Ry. Co.*, L. R. 7 Ex. 26. Another and decisive answer to this claim, and the one on which we place our decision upon this point, is that the plaintiff, upon the facts claimed by it, was under no obligation to tender Russell the freight money advanced by him. The plaintiff did not receive this freight money. Upon the facts claimed it was paid to the railroad company in order to carry out the alleged fraud ; it was part of the expense Russell had been put to in order to get the goods into his possession at New Haven ; and the law is well settled that under such circumstances the defrauded vendor is not obliged to reimburse, or to offer to reimburse, the fraudulent vendee for such expenses. *Plow Works* v. *Ross & Co.*, 74 Mo. App. 437 ; *Chamberlin* v. *Fuller*, 59 Vt. 247 ; *Lee* v. *Simmons*, 65 Wis. 523 ; *Guckenheimer* v. *Angevine*, 81 N. Y. 394.

The facts in the first of these cited cases are quite similar to the facts as claimed by the plaintiff in this case. Ross & Co. of King City ordered goods from the Plow Works in Racine, and under the contract the vendee was to pay the freight to King City and deduct it from the purchase price. Under this arrangement the vendee paid $81.92 to the railroad company for freight, and claimed on the trial that the plaintiff could not rescind the sale for fraud without tender-

ing to it the amount so paid; but it was held that the general rule as to restoring or offering to restore anything of value received under the contract, did not apply in such a case. The other cases cited are also directly in point upon the question under discussion.

Upon the facts as claimed by the plaintiff we think it had the right, on discovering the fraud, to rescind the contract without tendering the amount of the freight bill to Russell or to the defendant, and upon such rescission to retake his goods from the defendant; and that the bringing of replevin was a sufficient act of rescission as against the defendant. *Lynch* v. *Beecher*, 38 Conn. 490.

As there must be a new trial in this case for the error of the court in its charge upon the point just considered, it becomes necessary to consider only such of the other questions presented in the assignment of errors as will be likely to arise upon the retrial of the case.

The plaintiff asked the court in writing, to charge certain requests, and these were not read to the jury, nor did the court say to the jury that it had received them, nor that it charged or refused to charge them; and of this the plaintiff complains. We think the court had a right to do this, and that error cannot be predicated of such action in and of itself. *Hartford* v. *Champion*, 58 Conn. 268, 276.

The other assignments in respect to the charge as given, and as to the requests to charge, it is unnecessary to consider.

Some of the rulings upon other matters require brief notice. Russell, a witness for the defendant, was asked whether he knew, or supposed, or believed, that the alleged false statement as to his financial standing, which it was claimed he had furnished to a commercial agency, was to be used by the plaintiff. He answered in the negative.

We think this evidence, upon the record before us, was immaterial and should have been excluded. The claim was that he made the statement with full knowledge that it would be used by the agency in answering inquiries made by any one as to his credit, and it was of no consequence that he did not have the plaintiff in mind when he made it. *Eaton,*

*C. & B. Co.* v. *Avery*, 83 N. Y. 31; *Mooney* v. *Davis*, 75 Mich. 188.

The defendant claimed that after the plaintiff had discovered the alleged fraud it ratified the sale to Russell by its conduct in offering to compromise with Russell, and in bringing a certain suit for fraud against Russell to recover the price of the lumber in whole or in part; and the defendant offered evidence of these facts, part of which the court admitted against the plaintiff's objections. We see no error in this. The defendant had the right, if it could, to show that the plaintiff by its acts had ratified and affirmed the sale to Russell after it discovered the fraud; and the plaintiff was at liberty to show that its acts and conduct did not have the effect of affirming the sale. *Morford* v. *Peck*, 46 Conn. 380; *Bulkley* v. *Morgan*, ibid. 393, 395. These are all of the rulings upon evidence which we deem it necessary to consider.

In presenting some few of the rulings upon evidence, a thing that might easily have been done within the limits of a page, the record in this case is encumbered with a stenographic report of a wrangle covering nine pages of printed matter. Such a mode of presentation seldom serves any good purpose, and frequently, as in the present case, obscures and confuses the questions which the parties desire to have reviewed. It is attended with useless expense, and it is a growing evil that should be abandoned.

There is error and a new trial is granted.

In this opinion the other judges concurred.