Grizzard .v. Fite.

Mollie E. Grizzard *v.* A. R. Fite *et al.*

(*Nashville.* December Term, 1916.)

1. **ELECTION OF REMEDIES.** Alternative remedies.  Denial of contract barring relief on contract.  "Election."

In view of Shannon's Code, section 4439, providing that whenever the facts of the case entitle plaintiff to sue for breach of contract, or at his election, for the wrong and injury, he may join statements of his cause of action in both forms, or either, bringing suit to cancel contract for fraud bars later suit by the same plaintiff for breach of the contract; for an "election" is a voluntary act on the part of the suitor by which he chooses between two or more remedies, and such choice is an irrevocable election where the suitor has full knowledge of the facts and of his rights and acts free from fraud or imposition on the part of his adversaries. (*Post, pp.* 107, 108.)

Case cited and approved: Fowler v. Bank, 113 N. Y., 450.
Code cited and construed: Sec. 4439 (S.).

2. **ELECTION OF REMEDIES.** Concurrent remedies.

Not every election of remedies is irrevocable because two or more remedies are often given to redress the same wrong, and are therefore concurrent. (*Post,* p. 108.)

Cases cited and approved: Machine Co. v. Owings, 140 N. C., 503; Mizell Live Stock Co. v. Caskill Co., 62 Fla. 239.

3. **ELECTION OF REMEDIES.** Mistake as to remedy.

An election is not irrevocable in cases in which the wrong remedy is elected, because in such a case the suitor really has no election between two remedies, although he may have erroneously thought that he had the first remedy. (*Post, pp.* 108-114.)

Cases cited and approved: Zimmerman v. Robinson, etc., Co., 128 Iowa, 72; Fuller v. Harter, 110 Wis., 80; Montlake Coal Co. v. Chattanooga Company, Ltd., 191 S. W. ——; Louisville & N. B. Turnpike Co. v. Nashville & Ky. Turnpike Co., 32 Tenn., 282; Lockett v. Kinzell, 99 Tenn., 713; Register v. Carmichael, 169

Grizzard v. Fite.

Ala., 588; Commission Co. v. M. P. R. Co., 126 Mo., 344; Robb v. Vos, 155 U. S., 43: Kinney v. Kiernan, 49 N. Y., 164; Moller v. Tuska, 87 N. Y., 166; Farwell v. Myers, 59 Mich., 179; Acer v. Hotchkiss, 97 U. S., 395; Sanger v. Wood, 3 Johns. Ch. (N. Y.), 416; Lloyd v Brewster, 4 Paige (N. Y.), 537; Bulkley v. Morgan, 46 Conn., 393; O'Donald v. Constant, 82 Ind., 212; Bank v. Commission Co., 198 Ill., 232; Theusen v. Bryan, 113 Iowa, 496; Lowenstein v. Glass, 48 La., 1422; Bohanan v. Pope, 42 Me., 93; Thomas v. Watt, 104 Mich., 201; Conrow v. Little, 115 N. Y., 387; Ludington v. Patton, 111 Wis., 208; Clausen v. Head, 110 Wis., 405; In re Garver, 176 N. Y., 386.

Cases cited and distinguished: Watkins v. Watkins, 15 Tenn., 283; Parham v. Parham et al., 25 Tenn., 287; O'Bryan v. Glenn Bros., 91 Tenn., 106; Phillips v. Rooker, 134 Tenn., 466; Rowell v. Smith, 123 Wis., 510; Connihan v. Thompson, 111 Mass., 270.

4. ELECTION OF REMEDIES. · Inconsistency of alternative remedies.

Where two or more inconsistent remedies are given which depend on inconsistent facts, and which must result in the suitor's assuming a position inconsistent with the position which he must afterwards assume to prosecute the alternative remedy, an election, deliberately made with full knowledge of the facts and without fraud or imposition on the part of his adversary, works a judicial estoppel whether the adversary has been injured thereby or not; for courts will not permit suitors to solemnly affirm that a given state of facts exists from which they are entitled to particular relief, and then afterwards affirm, or assume, that a contrary state of facts exists from which they are entitled to inconsistent relief. (*Post, pp.* 108-114.)

5. PLEADING. Amendment. Time of amendment.

Where plaintiff's case is dismissed by order allowing amended declaration within a certain time, an amended declaration filed after such time may be stricken; since plaintiff could acquire a *status* in court subsequent to such dismissal only by permission of the trial judge and upon the conditions prescribed by him. (*Post, p.* 114.)

Grizzard v. Fite.

6. **PLEADING. Amendment. "Nunc pro tunc order."**

Nor in such case could plaintiff file the amended declaration *nunc pro tunc*, since a *"nunc pro tunc* order" can only be made when the thing ordered has previously been allowed, but by inadvertence has not been entered, and it applies. only to orders of court and never to action of counsel. (*Post, pp.* 115-124.)

Cases cited and approved : Phillips v. Rooker, 134 Tenn., 457; Robb v. Voss, 155 U. S., 43; Watkins v. Watkins, 15 Tenn., 283; Wells, F. & Co. v. Robinson, 13 Cal., 134; Ward v. Ward, 134 Ill., 417; Becker v. Walworth, 45 Ohio St., 173; Johnson-Brinkman Com. Co. v. Central Bank, 116 Mo., 558; Nyseuander v. Lowman, 124 Ind., 584; Woodburn's Estate, McMannis's Appeal, 138 Pa., 606; Macknet v. Macknet, 29 N. J. Eq., 54; Montlake Coal Co. v. Chattanooga, 191 S. W., ——.

Cases cited and distinguished: Register v. Carmichael, 34 L. R. A. (N. S.), 309; Miller v. Hyde, 161 Mass., 472; Standard Oil Co. v. Hawkins, 74 Fed., 395; Bierce v. Hutchins, 205 U. S., 340; Bullock v. Burdett, 3 Dyer, 281.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —A. G. RUTHERFORD, Judge.

LAURENT BROWN, R. L. SADLER and R. A. GOODMAN, for plaintiff.

.. PITTS & McCONNICT, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon petition for *certiorari* to the court of civil appeals. The case presented by the petition is as follows:

The suit was brought by Mollie E. Grizzard against the defendants to recover damages for breach of contract. The defendants plead in abatement, in substance, that before the bringing of the present suit the plaintiff herein had filed a bill in the chancery court of Davidson county to cancel and rescind the same contract for fraud. The plaintiff demurred to this plea, the demurrer was overruled, and the suit dismissed; but it was provided in the order of the court that the plaintiff might have ten days therefrom "within which to prepare and file or enter her motion to amend her declaration and to give defendants' counsel notice thereof and furnish copy of the proposed amendment to such counsel, and, if such notice be not given and copy furnished within that time, this suit will stand abated and dismissed at the cost of plaintiff." One day after the ten days allowed had elapsed, plaintiff filed her amended declaration averring fraud and deceit. Upon motion of defendants, this amended declaration was stricken from the files. Plaintiff then moved to be allowed to file the amended declaration "*nunc pro tunc,*" which was denied. An appeal was taken to the court of civil appeals, and that court affirmed the action of the trial judge.

The suit to cancel the contract for fraud neces-
sarily affirmed that the contract did not exist at the
time the suit was brought, and that, because of the
fraud alleged in the bill, it never existed. The suit
in the present case for damages for breach of the
contract necessarily assumes that the contract does
exist, that the defendant has breached it, and that
plaintiff has suffered damages thereby. The dif-
ference between the two suits is substantial and not
formal merely.

No question has been made but what the two
remedies sought by plaintiff are inconsistent, and
that she had her election to waive the fraud and
stand by the contract, or to insist upon the fraud
and proceed outside of the contract. There has been
some doubt, and there is an apparent disagreement
in the authorities, as to whether the mere bringing of
the suit in the chancery court referred to was an ir-
revocable election. But when the nature of an elec-
tion is considered and the doctrine of courts of equity
respecting election of remedies is held in view, we
think there can be no reasonable doubt but what the
bringing of the suit to cancel the contract for fraud
was a judicial estoppel. An "election" is a voluntary
act upon the part of the suitor by which he chooses
between two or more remedies. In order for the
election to be irrevocable, the remedies must be in-
consistent, and the suitor must have full knowledge
of the facts and of his rights and act free from
fraud and imposition upon the part of his ad-

versaries.  Shannon's Code, section 4439; *Fowler* v. *Bank,* 113 N. Y., 450, 21 N. E., 172, 4 L. R. A., 145, 10 Am. St. Rep. 479.

Not every election of remedies is irrevocable, because two or more remedies are often given to redress the same wrong, and are therefore concurrent. *Machine Co.* v. *Owings,* 140 N. C., 503, 53 S. E., 345, 6 Ann. Cas., 211; *Mizell Live Stock Co.* v. *McCaskill Co.* 62 Fla., 239, 56 South., 391, Ann. Cas., 1913D, 1197.

Neither is an election irrevocable in cases in which the wrong remedy is elected, because in such a case the suitor really has no election between two remedies.  He may have erroneously thought that he had the first remedy.  *Zimmerman* v. *Robinson, etc., Co.,* 128 Iowa, 72, 102 N. W., 814, 5 Ann. Cas., 960; *Fuller* v. *Harter,* 110 Wis., 80, 85 U. W., 698, 53 L. R. A., 603, 84 Am. St. Rep., 867; *Montlake Coal Co.* v. *Chattanooga Company, Ltd.,* 191 S. W., —, this term.  But in cases where two or more inconsistent remedies are given, which depend upon inconsistent facts, and which must result in the suitor assuming a position inconsistent with the position which he must afterwards assume to prosecute the alternative remedy, an election, deliberately made with full knowledge of the facts and without fraud or imposition upon the part of his adversary, works a judicial estoppel whether the adversary has been injured thereby or not.  The rationale of the doctrine is that courts will not permit suitors to solemnly affirm that a given

state of facts exists from which they are entitled to particular relief, and then afterwards affirm, or assume, that a contrary state of facts exists from which they are entitled to inconsistent relief.

This court has so adjudged in numerous cases. In *Watkins* v. *Watkins,* 7 Yerg., 283, it was held that, by filing a bill for dower and distribution, a widow elected thereby to take the latter, and thus abandoned the provision in a deed of trust for her support and maintenance given by the husband upon a separation agreement. The court said:

"By her suit for dower and distribution, Mrs. Watkins has abandoned all claim to any benefit under the provision made for her use by the covenant of 1825. 1 Eq. Ca. Ab., 218; Cro. E., 128. This she had the right to do after becoming discovert. From the covenant, it is clear she is not entitled to both. This suit is a conclusive election to abandon the articles."

In *Parham* v. *Parham et al.,* 6 Humph., 287, it was held that a suit for dower and distribution by a widow after the death of her husband is an election to abandon the provisions of a marriage settlement made by the husband in his lifetime in lieu of maintenance, dower, and distribution, and that the bringing of the suit for dower and distribution was a conclusive and irrevocable election. The court said:

"We are therefore of opinion with the chancellor that the complainant, Sarah Parham, cannot claim

under the deed, and against the estate both, but must elect between them, and that, as she has by this her suit elected to take her dower and distributive share of the estate, she must account for the property conveyed in the deed which has not been expended for her support and maintenance during her coverture.''

In *O'Bryan* v. *Glenn Bros.*, 91 Tenn., 106, 17 S. W., 1030, 30 Am. St. Rep., 862, it was held that the filing of a bill by the beneficiary in a deed impeaching the deed as fraudulent is such an unequivocable and decisive act on his part as, when done with full knowledge of the facts, works an estoppel upon him.

''The defendants could elect to take under the assignment, or they might renounce the same and attack the assignment; but a creditor cannot be permitted to assail and claim under an assignment. It has been held by this court, and it is sustained by all the authorities, that any distinct and unequivocal act of renunciation of the benefits of a deed by any of the creditors intended to be benefited will operate against any further claims under the deed. . . . It is further insisted that complainants in this case suffered no loss or injury to their rights or interest by the filing of the attachment bill and the attaching of the assigned property, and therefore they are not estopped to assert their rights under the deed of assignment. Bigelow on Estoppel (5th Ed.), 573, says: 'The election, if made with knowledge of the facts, is in itself binding; it cannot be withdrawn without

due consent, although it may not have been acted upon by another by any change of position,' Herman, in his work on Estoppel and Res Judicata (1177, edition of 1886), says: 'One entitled to a benefit under an instrument, whether it be a will or any contract, if he claims the benefits of such instrument, he must abandon every right the assertion whereof would defeat even partially the provisions of the instrument. A party cannot occupy inconsistent positions, but will be confined to his election.' In *Louisville & N. B. Turnpike Co.* v. *Nashville & Ky. Turn-Pike Co.*, 2 Swan, 282, it is said: 'In case of election, the rule is, if a person determines his election, it shall be forever determined.' ''

In *Lockett* v. *Kinzell*, 99 Tenn., 713, 42 S. W., 442, the foregoing case was cited with approval upon the point herein discussed.

In *Phillips* v. *Rooker*, 134 Tenn., 466, 184 S. W., 14, it was said:

"The doctrine of election differs from that of estoppel *in pais*, in that an election in order to effectiveness need not be acted on by the other party by way of a detrimental change of his position, provided the election is a decisive one."

Our cases are in accord with the current of authority in other jurisdictions. In 9 R. C. L., p. 960, it is stated that an election of remedies in the class of cases under discussion is generally considered made when an action has been commenced on one of the inconsistent remedies. For this position many author-

ties are cited in the note, but the author of the article referred to considers that the more reasonable rule is in opposition to the clear weight of the adjudicated cases. For this statement he cites a case from an inferior appellate court. *Register* v. *Carmichael,* 169 Ala., 588, 53 South 799, 34 L. R. A. (N. S.), 309; *Commission Co.* v. *M. P. R. Co.,* 126 Mo., 344, 28 S W., 870, 26 L. R. A., 840, 47 Am. St. Rep., 675; and the notes in 10 Am. St. Rep., 487, and 13 L. R. A., 91.

In 15 Cyc., 259, it is stated that the preponderance of authority establishes that the mere commencement of any proceeding to enforce one remedial right in a court having jurisdiction thereof is such a decisive act as constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights. .

The doctrine is well stated by the supreme court of Wisconsin in *Rowell* v. *Smith,* 123 Wis., 510, 102 N. W., 1, 3 Ann. Cas., 773, as follows: .

"Such inconsistency is to be looked for in the relation between the parties which the different remedies suggest. If one sues for damages for breach of or to otherwise recover on contract, corresponding relations are necessarily . . . implied to exist; while if, growing out of the same transaction, that one sues to recover property parted with to (another) on contract, a termination of contract relations by rescission is suggested. In one case, a subsisting contract is assumed or alleged; in the other, absence thereof is necessary."

The Supreme Judicial Court of Massachusetts in *Connihan* v. *Thompson*, 111 Mass., 270, stated the doctrine thus:

"The defense of waiver by election arises where the remedies are inconsistent; as where one action is founded on an affirmance, and the other upon the disaffirmance of a voidable contract, or sale of property. In such cases any decisive act of affirmance or disaffirmance, if done with knowledge of the facts, determines the legal rights of the parties once for all. The institution of a suit is such a decisive act; and if its maintenance necessarily involves an election to affirm or disaffirm a voidable contract or sale, or to rescind one, it is generally held to be a conclusive waiver of inconsistent rights, and thus to defeat any action subsequently brought thereon."

*Robb* v. *Vos*, 155 U. S., 43, 15 Sup. Ct., 14, 39 L. Ed., 63, reviews a great number of cases from that court, as well as the highest courts of several of the States, and concludes as follows:

"The rule established by these cases is that any decisive act by a party, with knowledge of his rights and of the facts, determines his election in the case of inconsistent remedies, and that one of the most unequivocal methods of showing ratification of an agent's act is the bringing of an action based upon such an act."

See *Kinney* v. *Kiernan*, 49 N. Y., 164; *Moller* v. *Tuska*, 87 N. Y., 166; *Farwell* v. *Myers*, 59 Mich., 179, 26 N. W., 328; *Acer* v. *Hotchkiss*, 97 N. Y., 395;

137 Tenn.—8

and the English cases cited in 10 Am. St. Rep., 487, supra; *Sanger v. Wood,* 3 Johns. Ch. (N. Y.), 416; *Lloyd v. Brewster,* 4 Paige (N. Y.), 537, 24 Am. Dec., 88; *Bulkley v. Morgan,* 46 Conn., 393; *O'Donald v. Constant,* 82 Ind., 212; *Bank v. Commission Co.,* 198 Ill., 232, 64 N. E., 1097; *Theusen v. Bryan,* 113 Iowa, 496, 85 N. W., 802; *Lowenstein v. Glass,* 48 La., 1422, 20 South., 890; *Bohanan v. Pope,* 42 Me., 93; *Thomas v. Watt,* 104 Mich., 201, 62 N. W., 345; *Conrow v. Little,* 115 N. Y., 387, 22 N. E., 346, 5 L. R. A., 693; *Ludington v. Patton,* 111 Wis., 208, 86 N. W., 571; *Clausen v. Head,* 110 Wis., 405, 85 N. W., 1028, 87 Am. St. Rep., 933; *In re Garver,* 176 N. Y., 386, 68 N. E., 667.

Hence we hold that the bringing of the former suit alleging that the contract was procured by fraud is a bar to the present suit and the plea was properly sustained.

As seen from the statement of the case, the trial judge struck from the files the amended declaration. In addition to the reasons stated heretofore, he was manifestly correct in this holding, because the order allowing the amendment prescribed the time in which it should be made and the plaintiff did not comply with this order. It must be remembered that the plaintiff's case had been dismissed, and she only acquired a *status* in court subsequently thereto by permission of the trial judge, and upon the conditions prescribed by him.

The application to file the amended declaration *"nunc pro tunc"* was a misconception. A *"nunc pro tunc* order"* can only be made when the thing ordered has previously been allowed; but by inadvertence has not been entered. It applies only to orders of court, and never to action of counsel.

The petition is denied.

WILLIAMS, J. (dissenting). The opinion of the majority rules a point which was argued in the case of *Montlake Coal Company* v. *Chattanooga, Limited,* 193 S. W., 1057, but which was pretermitted in the decision. However, in my investigation of that case, and in preparing the opinion of the court therein, as well as the opinion in the recent case of *Phillips* v. *Rooker,* 134 Tenn., 457, 184 S. W., 12, I reached the conclusion that the true rule was contrary to the one adopted by the majority on the question as to when an election of remedies becomes an irrevocable one. A reinvestigation made in this case serves but to confirm that view.

No doubt, the rule announced in the majority opinion may be supported by numerous decisions in other jurisdictions apt on the immediate point; but in my opinion the greater number of recent cases lay down a contrary doctrine, which I conceive to be the better one. Just as the earlier rule is being pared down or discarded in some of the other jurisdictions, it so happens that this court for the first time is to pass upon the question; and in doing so we adopt that earlier rule and, in my view, turn

away from the juster one that is fast being accepted in other jurisdictions, and must finally prevail.

The doctrine of the election of remedies appears to be in a stage of flux. Three phases of doctrine have contended for paramountcy. One of these is that adopted by the majority; another announces that, in certain types of cases at least, an election of remedies does not necessarily become conclusive even at the time favorable judgment is taken by the complainant; and the third line holds to the middle ground that the mere bringing of suit on one remedy is not a decisive act of election, and that the suit does not become such, prior to judgment, unless some benefit is taken by the complainant or some detriment is suffered by the adversary party.

It is believed that much of the difficulty, leading to variant decisions, is due to failure in instances to take a distinction between an election of rights or remedial rights, on the one hand, and an election of remedies on the other. Herein, it seems to me, is the fundamental error in the majority's opinion in this case. All the Tennessee cases cited, including *Phillips* v. *Rooker,* and also the case of *Robb* v. *Voss,* 155 U. S., 43, 15 Sup. Ct., 4, 39 L. Ed., 63, involve elections made as between remedial rights; and in such cases the true rule is that the election in order to conclusive effectiveness need not be acted on by the other party by way of a detrimental change of position. This is by no means true in cases that involve the election of mere remedies.

Grizzard v. Fite.

"Election of remedial rights" is a choice between two inconsistent substantive rights, either of which may be asserted at the volition of the chooser alone, who, however, cannot enjoy the benefit of both. Such an election goes not to form but to substance, affecting some right or title selected. Such choice perforce discards the alternative inconsistent right or claim. A good example is that given in the first of our cases cited in the prevailing opinion, *Watkins* v. *Watkins,* 7 Yerg. (15 Tenn.), 283—an election made by a widow to take dower as a right given by statute, which operates an abandonment of the right to a provision made for her in an instrument independent of the statute.

An "election of remedies," or of forms of action or procedure, does not involve choice as between two existing substantive rights. A form of action or remedy is but a means of administering justice, rather than an end in itself. In the instant case, the suit to rescind should be considered as a tentative appeal to the court for relief by way of having the court through orderly processes declare the result—rescission—and so long as the pursuit of that form of action did not advantage the complainant or prejudice his opponent, in respect of his estate or defense, the suitor ought not to be precluded from dismissing and suing on the contract. The knife that severs the cord that binds the parties in contractual relationship, on a rescission, is in such case to be wielded by the court—when it comes to pass judg-

ment. Until judgment passes or detriment is worked, it seems to be the juster conception that the complainant may voluntarily dismiss and turn to another remedy.

The difference here contended for is recognized in a number of cases, and enforced without open recognition or formulation in many others.

The writer of a note appended to the case of *Register* v. *Carmichael,* 34 L. R. A. (N. S.), 309, in which the cases are collated, after adverting to the conflict in the decisions, states that the weight of authority appears to be to the effect that an election of remedies to be conclusive, precluding another choice, must be efficacious to some extent at least; and that:

" 'The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election,' or have caused some detriment to the other party. . . .

"In considering this question, some courts seem to have made a distinction between inconsistent rights and inconsistent remedies. That is, two or more inconsistent remedies may be founded upon one and the same right. . . . In cases of this kind it seems clear that the mere bringing of one form of action does not operate as a conclusive election which, prior to judgment, will bar another form of action, as the rights and obligations of the parties are not changed by the mere institution of one of such actions. 'No right or title, but only a remedy, is

selected, and until judgment there is no bar to a change of remedy.' "

While I am of opinion that what is said by this writer in regard to the weight of authority may be doubted, I am equally of opinion that the majority of the later and better reasoned cases is in accord with the view he expresses.

In 9 R. C. L., p. 960, where is to be found the latest restatement of the doctrine in text form, it is said:

"Some courts go so far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered, though no advantage has been gained nor injury done by the choice, and no injury would be done by setting the choice aside. But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election"—that is to say, no irrevocable election.

KNOWLTON, J., in the case of *Miller* v. *Hyde*, 161 Mass., 472, 37 N. E., 760, 25 L. R. A., 42, 42 Am. St. Rep., 424, involving trover and later replevin, said:

"The principal question in cases of this kind is: At what stage of the proceeding shall the owner be deemed to have made his election that binds him? On principle, and as a general rule, he should be bound by the election he makes, if in making it he goes so far as to affect the rights or interests of the other party. It would be unjust, when he may proceed

only in one or the other of two opposite directions, that he should go forward in one direction in such a way as materially to affect the other party, and then turn backward and go on in the other, and compel his adversary to satisfy him in a different way.''

The rule adopted by the majority is likely to result in hardships. To the demonstration of this fact in other jurisdictions is due the modification of the doctrine by recent decisions. The rule announced holds to a cold formula of the law that is rigid, and unvitalized by the quickening influence of equitable principles; one that stands in need, in the development of jurisprudence, of amelioration, so as to reach substantial justice, and not mere metaphysical justice.

In the prevailing opinion, as well as in the Montlake Case, it is recognized that if the first remedy is pursued under a mistaken notion, on the part of the suitor, that it existed, whereas only one, and that the other, remedy really existed, he is not concluded. It may well be asked: What kind of a mistake? One of fact or one of law? If the latter or both, then the entire contention seems to me to be yielded. If the mistake referred to be one in respect to legal effect or of law, why should the suitor be held concluded by his first choice, when he would not be in case he were misled only in respect to the underlying facts?

In *Standard Oil Co.* v. *Hawkins*, 74 Fed., 395, 20 C. C. A., 468, 33 L. R. A., 739, this phase is discussed:

''The question is, therefore, whether, and under

what circumstances, a party may be relieved from an ill-advised election of a remedy, when the election was made in ignorance that a better remedy was permitted by the law. It is one thing whether a contract will be reformed because entered into through ignorance and mistake of the law by one party, and quite another and different thing whether one may be relieved from an improvident election of a remedy occurring through his ignorance of possessing a better remedy. 'Election,' says Dyer, 'is the internal, free, and spontaneous separation of one thing from another, without compulsion, consisting in the mind and will.' *Bullock* v. *Burdett,* 3 Dyer, 281. That designed selection cannot occur if the party be ignorant of his rights. He cannot deliberately select one of two or more remedies if he know of but one to which he is entitled. Therefore it is, as stated by Kerr, that 'an election made by a party under a mistake of facts, or a misconception as to his rights, is not binding in equity. In order to constitute a valid election, the act must be done with a full knowledge of the circumstances of the case, and the right to which the person put to his election was entitled.' Kerr, Fraud & Mistake (Am. Ed., notes by Bump), 453. Of course, the assertion by the appellant of a general claim against the bank was, in a sense, inconsistent with its assertion of right to pursue the proceeds of the drafts; and it cannot be allowed to shift its position, if the change would impose detriment, in a legal sense, upon the opposing party. It would then be

estopped by its conduct. But if there be no estoppel, if no injury has resulted from the remedy pursued, to deny one the right to change position would be to say that litigant must in the first instance, and at his peril, elect his remedy, and that he may thereafter pursue no other, although the law affords him a better one, which through ignorance or misconception, he had failed to adopt, notwithstanding his opponent has suffered no detriment from the mistaken course pursued. We do not understand the law to justify so harsh a rule. . . . We understand this to be the rule established, whether the mistake may be deemed a mistake of law or a mistake of fact. Pom. Eq. Jur., 512; *Wells, F. & Co. v. Robinson,* 13 Cal., 134; *Ward v. Ward,* 134 Ill., 417, 25 N. E., 1012; *Becker v. Walworth,* 45 Ohio St., 173, 12 N. E., 1; *Johnson-Brinkman Commission Co. v. Central Bank,* 116 Mo., 558, 22 S. W., 813, 38 Am. St. Rep., 615; *Nysewander v. Lowman,* 124 Ind., 584, 24 N. E., 355; *Woodburn's Estate, McMannis's Appeal,* 138 Pa., 606, 21 Atl., 16; *Macknet v. Macknet,* 29 N. J. Eq., 54.''

See *Bierce v. Hutchins,* 205 U. S., 340, 27 Sup. Ct., 524, 51 L. Ed., 828, where the mistake was one of law, and where the first step taken by the suitor is referred to as ''a strictly unilateral act, not as an offer to which an assent might be presumed.'' The claim there made was that the institution of proceedings to enforce a materialman's lien precluded the latter assertion of a title retained to the material sold. The court said:

"If a lien had been established by judgment or decree, the title would be gone by force of an adjudication inconsistent with its continuance. But the assertion of a lien by one who has title, so long as it is only an assertion and nothing more, is merely a mistake."

The decision last cited I understand to proceed upon the same principle that underlies the one reached and declared in the case of *Standard Oil Co.* v. *Hawkins,* supra, by the circuit court of appeals, which lastnamed case is referred to by the majority as one of "an inferior appellate court." If that opinion, however, lacks anything in the way of authority beyond the authority afforded by sound reason and wise judicial policy, that lack is supplied by the court of the highest authority in *Bierce* v. *Hutchins,* unless I fail in my analysis of the latter case.

In passing, it may be remarked that the reasoning in the Bierce Case also vindicates what was indicated in the Montlake Case: That a mistake, whether of fact or law, may not be retrieved by a change of remedies, after judgment or after the accruing of some detriment to the one proceeded against.

If the rule be as held, then an intending litigant should be as solicitous to have a good pleader employed to bring his suit as he is to have his cause of quarrel just. A meritorious cause of action may fail by reason of a misstep in procedure, and because the court is unable to aid in a retrieve; the court having tied its own hands.

Grizzard v. Fite.

I am reminded by the fate of this suit of a bit of negro folk-lore that gave at least one child's brain no little worry: If you dance on Sunday, be sure not to cross your legs, for if you do you're in danger of the fires of torment. Grizzard assayed to play the role of litigant, but crossed his remedies and finds himself cast into utter darkness where between his wails he may exercise himself by gnashing his teeth.

Believing that the majority's decision on so important a matter is a step backward instead of forward, it has seemed to me that a statement of the grounds, rather than the mere recording of dissent, is not unwarranted.