Arthur SNELL and wife, Ethelyn Snell

v.

James F. LEFFEW and Roy F. Leffew, Jr.

Court of Appeals of Tennessee, Eastern Section.

July 19, 1977.

Certiorari Denied by Supreme Court Dec. 12, 1977.

Gerald F. Largen, Kingston, for appellants.

S. Wallace Brewer, Kingston, for appellees.

## OPINION

SANDERS, Judge.

The question on this appeal is whether or not the Trial Court can, under Rule 60 of the Tennessee Rules of Civil Procedure, make an order of non-suit retroactive from the date the order was filed with the clerk and thereby bring into play the statute of limitations to bar a subsequent suit on the same cause of action.

The Plaintiffs-Appellants, Arthur Snell and wife, Ethelyn Snell, filed their original suit against the Defendants-Appellees, James F. Leffew and Roy F. Leffew, Jr., in the Circuit Court of Roane County some time prior to January 9, 1975. The suit was for personal injuries and was set for trial on January 9, 1975. On January 8 counsel representing the Plaintiffs called the clerk and advised him he was taking a voluntary non-suit in the case. As a result of this conversation the clerk called the jurors who were to report and informed them they need not appear. Nothing further transpired in the case until June 16 when Plaintiffs' counsel filed an order of non-suit with the clerk. On September 19 Plaintiffs' counsel wrote the following letter to Defendants' insurance carrier:

"19 September, 1975

"Mr. Jerry Davis,
State Farm Service Center,
P.O. Box 10785.
Knoxville, Tennessee.

"In re *Snell v. Leffew*

"Dear Jerry:

"As you are aware, we took a non-suit in this case in January term. We are now preparing to refile, but I thought we might get together and see if we could discuss settlement prior to doing so.

"Please let me have your thoughts in this regard.

"Sincerely your,

"/s/ Gerald Largen"

It appears no negotiations followed and on June 11, 1976, Plaintiffs filed another suit against the Defendants on the same action.

The Defendants filed a motion with the court under Rule 60 of the Tennessee Rules of Civil Procedure to "correct" the order of June 16 to reflect the entry of the voluntary non-suit as of January 8. In the meantime Defendants filed a *motion for summary judgment* on the grounds the non-suit had been taken on January 8, 1975, and the filing of the suit on June 11, 1976, was five months after the one-year period allowed under T.C.A. § 28–106.

In their motion under Rule 60 Defendants say the order should be corrected as requested "in order to prevent Plaintiffs and their attorney from practicing a fraud upon Defendants and their attorney." They further say, " . . . to allow the order dated June 16, 1975, in the captioned cases to *stand as it now appears might enable* Plaintiffs' attorney to utilize his unexcusable neglect in being five months tardy in conforming with the "better practice" mentioned in the case of *Rickets v. Sexton,* Tenn., 533 S.W.2d 293. The Court granted the Defendants' motion under Rule 60 and ordered the entry of the non-suit as of January 8 rather than June 11. At the same time the Court sustained the Defendants' motion for summary judgment.

Plaintiffs have appealed and assigned the action of the Court as error.

Voluntary non-suits are governed by Rule 41.01 of the Rules of Civil Procedure. As pertinent here, it provides:

"Voluntary Dismissal—Effect Thereof. —(1) Subject to the provisions of Rule 23.03 or Rule 66 and of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice *by filing a writ-*

*ten notice of dismissal at any time before the trial of a cause; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict."* (Emphasis ours.)

The above rule makes a clear distinction in the procedural requirements for taking a voluntary non-suit before trial and during the trial of the case. If the dismissal is made before the trial of the case it is to be done "by filing a written notice of dismissal." If the dismissal is made during the trial of the case it may be made "by an oral notice of dismissal made in open court."

In the case of *Rickets v. Sexton,* supra, our Supreme Court recognized the right of a plaintiff to take a non-suit prior to going to trial where he had given written notice to dismiss. The court said, at page 294:

"As we held in *Stewart v. University of Tennessee,* 519 S.W.2d 591 (Tenn.1974): "Rule 41.01(1) *Tenn.R.Civ.P.,* provides for the *free and unrestricted* right of the plaintiff (at various stages of the proceedings) to take a voluntary nonsuit or to dismiss his action without prejudice except:

"a. in class actions

"b. in cases where receivers have been appointed

"c. where precluded by specific statute

"d. in cases where a motion for summary judgment is pending.

"The rule specifies that a plaintiff 'shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause'. This portion of the rule is not dependent upon the determination of the trial judge. The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that he approve the action

of plaintiff's counsel by signing any order; nor may he nullify the rules by an order 'disallowing' the nonsuit. All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal."

Although Plaintiffs' counsel told the clerk on January 8 he was taking a non-suit, since this was prior to the trial we hold that under the rule such dismissal of the case was not actually effectuated until the filing of the written notice or order on June 16. The Trial Court was, accordingly, without authority to make it effective on an earlier date. Since the second suit was filed within one year of the filing of the voluntary non-suit it was error for the Court to sustain the motion for summary judgment.

The assignments of error are sustained. The judgment of the Trial Court is reversed and the case is remanded for a trial on its merits.

The cost of this appeal is taxed to the Appellants.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.