Willard P. CANTRELL and wife, Mrs. Willard P. Cantrell, Plaintiffs-Appellees,

v.

HUMANA OF TENNESSEE, INC., and Gibson General Hospital, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section.

April 7, 1981.

Permission to Appeal Denied by Supreme Court June 29, 1981.

Hewitt P. Tomlin, Jr., Waldrop, Hall, Tomlin & Farmer, Jackson, for defendants-appellants.

Jere B. Albright, Humboldt, for plaintiffs-appellees.

MATHERNE, Judge.

The issue is whether, under the facts, an order of voluntary nonsuit can be entered *nunc pro tunc* to start the one-year period for refiling the lawsuit at the earlier date. The trial court refused to so apply the *nunc pro tunc* order, and the defendants have been granted a discretionary appeal on that issue.

The plaintiffs sue for damages due to personal injuries suffered by Willard P. Cantrell, who fell and injured himself while a patient in the facilities of the defendants. The lawsuit was set for trial on August 23, 1978. On August 22, 1978, the attorney for the plaintiffs notified the attorney for the defendants by telephone that he would take a voluntary nonsuit. The plaintiffs' attorney also notified the clerk of the court of this fact and requested that the judge and jurors be notified. The lawsuit did not go to trial, and there were no appearances in court on August 23, 1978.

No order of nonsuit was entered at that time. About two months later, upon discovering that no order of nonsuit had been entered, the defendants' attorney prepared an order of voluntary nonsuit which provided that it be entered *nunc pro tunc* as of August 23, 1978, the original trial date. That order was approved by counsel for both parties, and it states: "This Order, entered this the 31st day of October, 1978, is entered nunc pro tunc as of August 23, 1978."

Thereafter, on October 30, 1979, the plaintiffs refiled their lawsuit in the same court. On December 3, 1979, the defendants filed a motion to dismiss this lawsuit because it was not filed within one year of August 23, 1978, and it was therefore not

saved by T.C.A. § 28–106. The trial judge overruled the motion to dismiss, and this appeal resulted.

We fail to find a reported Tennessee decision on this question. The lawsuit presents two issues for decision: (1) is the order, under the facts subject to a *nunc pro tunc* provision; and (2) if so, does the one-year saving period begin on August 23, 1978, or October 31, 1978?

Under Rule 41.01, Tennessee Rules of Civil Procedure, a plaintiff may take voluntary nonsuit by filing a written notice of dismissal at any time before the trial of the cause, or by an oral notice of dismissal made in open court during the trial of a cause, or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.

In *Rickets v. Sexton* (Tenn.1976) 533 S.W.2d 293, the court held that rule 41.01 gave the plaintiff, prior to trial, the free and unrestricted right to take a voluntary nonsuit except in certain instances not involved in this appeal. The court in *Rickets* stated:

> The rule specifies that a plaintiff "shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause". This portion of the rule is not dependent upon the determination of the trial judge. The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that he approve the action of plaintiff's counsel by signing any order; nor may he nullify the rules by an order "disallowing" the nonsuit. All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal.

In *Snell v. Leffew* (Tenn.App.1977) 558 S.W.2d 849, in a factual situation closely similar to the present lawsuit, the court held that the trial judge was without authority to make the order of voluntary nonsuit retroactive to the date the lawsuit was set for trial. In *Snell*, however, there was no *nunc pro tunc* provision in the order of voluntary nonsuit. In *Snell* the trial was set for January 9th, and on January 8th the plaintiff's attorney told the clerk of the trial court that the plaintiff was taking a nonsuit. No written notice or order was entered until June 19th when the plaintiff's counsel filed an order of nonsuit with the clerk. The *Snell* court, following the ruling in *Rickets v. Sexton, supra,* held as follows:

> Although Plaintiffs' counsel told the clerk on January 8 he was taking a nonsuit, since this was prior to the trial we hold that under the rule such dismissal of the case was not actually effectuated until the filing of the written notice or order on June 16. The Trial Court was, accordingly, without authority to make it effective on an earlier date. Since the Second suit was filed within one year of the filing of the voluntary non-suit it was error for the Court to sustain the motion for summary judgment.

Looking now to the office of an order *nunc pro tunc,* we find the following in Black's Law Dictionary 1267 (3rd Ed.1933):

> A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake.

In the case of *Grizzard v. Fite* (1916) 137 Tenn. 103, 191 S.W. 969, the trial judge had dismissed the plaintiff's lawsuit but allowed the filing of an amended declaration within a specified time. The amended declaration was not filed within the time allowed, but an application was made to file it *nunc pro tunc* to be within that time period. In ruling on the application for the *nunc pro tunc* order, the court held:

> The application to file the amended declaration "nunc pro tunc" was a misconception. A "nunc pro tunc order" can only be made when the thing ordered has previously been allowed, but by inadvertence has not been entered. *It applies only to orders of court, and never to action of counsel.* (Emphasis added)

We conclude that the order allowing voluntary nonsuit was not subject to a *nunc pro tunc* provision. As held in *Grizzard, supra*, the thing ordered had not been previously allowed by the court. The order as filed on October 31, 1978, was nothing more than the written notice required of the plaintiff that a voluntary nonsuit was being taken prior to trial. The taking of the voluntary nonsuit rested within the sole discretion of the plaintiff's counsel and was not effected until the order was filed on October 31, 1978; the *nunc pro tunc* provision was mere surplusage because it applies only to orders of the court and never to action of counsel. *Rickets v. Sexton, supra*; *Snell v. Leffew, supra*; *Grizzard v. Fite, supra*; *Black's Law Dictionary, supra*.

The judgment of the trial court is affirmed, and this cause is remanded to that court for such further action as the law permits. The cost in this court is adjudged against the appellants for which execution may issue, if necessary.

SUMMERS, J., and McPHERSON, Special Judge, concur.