IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 22, 2006 Session

## DEBORAH BOWERS SMITH v. RILEY DEAN SMITH

**A Direct Appeal from the Chancery Court for Gibson County**
**No. H 4486     The Honorable George R. Ellis, Chancellor**

_____

**No. W2005-02582-COA-R3-CV - Filed July 24, 2006**

_____

This is a divorce case. In a post-trial proceeding after remand by the Court of Appeals, Husband appeals the order of the trial court which effectively awarded certain stock to Wife. The appeal is dismissed for failure to file a timely notice of appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Sam J. Watridge of Humboldt, Tennessee for Appellant, Riley Dean Smith

Bill R. Barron of Trenton, Tennessee for Appellee, Deborah Bowers Smith

**OPINION**

Plaintiff-Appellee, Deborah Bowers Smith ("Wife"), and Defendant-Appellant, Riley Dean Smith ("Husband"), were divorced by "Order for Absolute Divorce" filed November 21, 2001. The case subsequently reached this Court on two prior occasions. The present appeal results from the order of September 23, 2005, entered by the trial court on remand after the second appeal.

The record reflects that a notice of appeal from the September 23, 2005 order was filed in the trial court on November 2, 2005. This Court entered an order for Appellant to show cause why the appeal should not be dismissed for failure to timely file a notice of appeal. In response thereto, Appellant filed a supplemental brief and the affidavit of Patsy Mittelstaedt, Appellant's secretary, wherein she states that she mailed the notice of appeal to the Chancery Court Clerk and Master with a certificate of service to adversary counsel on October 17, 2005, and that adversary counsel received service of a copy of the notice of appeal. Appellant's brief states that the notice of appeal was not returned to the post office or to the office of Appellant's counsel. When the trial court clerk received the notice of filing of transcript on November 1, 2005, Appellant's attorney was contacted and told that there was no notice of appeal filed with the trial court. Appellant asserts that the notice

of appeal was timely mailed to the clerk of the court and asked that the notice of appeal be entered *nunc pro tunc*.

We will first deal with the request for the notice of appeal to be filed *nunc pro tunc*. In ***Cantrell v. Humana of Tennessee, Inc.***, 617 S.W.2d 901 (Tenn. Ct. App. 1981). This Court discussed the office of an order *nunc pro tunc*. The Court said:

> Looking now to the office of an order nunc pro tunc, we find the following in Black's Law Dictionary 1267 (3rd Ed.1933):
>
>> A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake.
>
> In the case of ***Grizzard v. Fite*** (1916) 137 Tenn. 103, 191 S.W. 969, the trial judge had dismissed the plaintiff's lawsuit but allowed the filing of an amended declaration within a specified time. The amended declaration was not filed within the time allowed, but an application was made to file it *nunc pro tunc* to be within that time period. In ruling on the application for the *nunc pro tunc* order, the court held:
>
>> The application to file the amended declaration "*nunc pro tunc*" was a misconception. A "*nunc pro tunc* order" can only be made when the thing ordered has previously been allowed, but by inadvertence has not been entered. ***It applies only to orders of court, and never to action of counsel.***

617 S.W.2d at 902; 137 Tenn. at 115 (emphasis in original).

Rule 4, Tennessee Rules of Appellate Procedure, provides in pertinent part:

> (a) Generally. – In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; . . . .

Appellant cites ***Goodwin v. Hendersonville Police Dept.,*** 5 S.W.3d 633 (Tenn. 1999) as authority for the Court to accept untimely filed notices of appeal. Appellee states that the decision in ***Goodwin*** is within the exception allowing the Court to accept untimely filed notices of appeal in criminal cases. We must differ with the views expressed by both the Appellant and Appellee on this point. In ***Goodwin***, the filing was considered timely by virtue of the provision of Rule 20 (g), Tennessee Rules of Appellate Procedure.

Although Rule 2, Tennessee Rules of Appellate Procedure, authorizes the Court to suspend the requirements of the Rules of Appellate Procedure, there is an explicit exception in the rule which states, "except that this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4." ***See John Barb, Inc. v. Underwriters at Lloyds of London***, 653 S.W.2d 422 (Tenn. Ct. App. 1983); ***Edmundson v. Pratt***, 945 S.W.2d 754 (Tenn. Ct. App. 1996).

Because the notice of appeal was not timely filed pursuant to the provisions of Rule 4, Tenn.R.App.P., this Court does not have jurisdiction to hear the appeal. Accordingly, the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Riley Dean Smith, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.