IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13, 2010 Session

## ESTATE OF CAROLYN A. MONTGOMERY v. DANIEL KUETER, M.D.

**Appeal from the Circuit Court for Hamilton County**
**No. 08-C-102      W. Jeffrey Hollingsworth, Judge**

**No. E2010-01219-COA-R9-CV - FILED JANUARY 26, 2011**

We granted the application of Daniel Kueter, M.D. ("Defendant") for a Tenn. R. App. P. 9 Interlocutory Appeal on the issue of whether the Trial Court erred in reinstating this case to its active docket after it had been dismissed without prejudice over a year earlier. We find and hold that although plaintiff was not entitled to relief under Tenn. R. Civ. P. 60.02, the Trial Court did not err when it granted Plaintiff's motion to enter an agreed order *nunc pro tunc* reinstating this case. We, therefore, affirm the Trial Court's order.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the
Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

B. Elizabeth Roderick and Richard A. Smith, Chattanooga, Tennessee, for the appellant, Daniel Kueter, M.D.

H. Franklin Chancey, Cleveland, Tennessee, for the appellee, Estate of Carolyn A. Montgomery.

# OPINION

## Background

In January of 2008, Carolyn A. Montgomery[1] ("Plaintiff") sued Defendant alleging medical malpractice. The case was listed on the Trial Court's Procedural Steps List in January of 2009. The Trial Court subsequently entered an Order of Dismissal without prejudice on February 16, 2009, apparently due to a lack of activity in the case.

Approximately one week after the case was dismissed, Plaintiff's attorney contacted Defendant's attorney seeking agreement to submit to the Trial Court a proposed agreed order reinstating the case on the Trial Court's active docket. Defendant's attorney agreed to the submission of the agreed order. Plaintiff's attorney then sent the proposed agreed order to the Trial Judge, rather than to the Court Clerk's office. The Court Clerk's office shortly thereafter sent a bill for post-judgment cost to Plaintiff's attorney in March of 2009, which was paid. It is undisputed this post judgment cost was for the agreed order. The agreed order, however, never was entered.

More than one year later, in April of 2010, Plaintiff's attorney contacted Defendant's attorney with a request to take Defendant's deposition. Defendant's attorney informed Plaintiff's attorney that the case never was reinstated on the Trial Court's docket. Plaintiff then filed a motion in April of 2010 seeking to have the proposed agreed order that had been submitted to the Trial Court in March 2009 entered *nunc pro tunc* to March of 2009.

A hearing was held on Plaintiff's motion during which the Trial Court acknowledged that the proposed agreed order had been submitted to the Trial Judge, that the post judgment cost had been billed and paid, and that the agreed order should have been entered, but was not. The Trial Judge stated that a mistake had occurred and that the fault for the mistake lay with the Trial Court and not with the attorneys or the parties. After the hearing, the Trial Court entered its order on May 28, 2010 granting the motion to enter the agreed order submitted in March of 2009 *nunc pro tunc* to March of 2009. The Trial Court's May 28, 2010 order also granted Defendant's request to seek an interlocutory appeal to this Court. Defendant filed a Tenn. R. App. P. 9 application to this Court, which we granted.

---

[1]A Suggestion of Death was filed stating that Ms. Montgomery died in May of 2010, and this Court granted Plaintiff's motion to substitute the Estate of Carolyn A. Montgomery as the proper party in interest. The style of the case was altered to reflect this change.

**Discussion**

Defendant filed a motion with this Court seeking to substitute a page within Defendant's appellate brief to correct a citation which incorrectly attributed a quotation within the brief to the wrong case. This mistake was inadvertent, and the correction does not change the substance of Defendant's argument whatsoever. We, therefore, grant Defendant's motion to substitute the corrected page in his brief.

Although not stated exactly as such, Defendant raises one issue on appeal: whether the Trial Court erred in reinstating this case to its docket more than one year after it had been dismissed without prejudice.

In seeking to have the agreed order entered *nunc pro tunc*, Plaintiff sought relief under two alternative theories. First, Plaintiff claimed that she was entitled to relief under Tenn. R. Civ. P. 60.02. We review a Trial Court's decision on a Tenn. R. Civ. P. 60.02 motion for abuse of discretion. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). As noted by our Supreme Court:

> An abuse of discretion is found only when a trial court has "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (*quoting State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

*Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). *See also Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) ("Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'")(quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

As pertinent to this appeal, Tenn. R. Civ. P. 60.02 provides:

> **60.02.  Mistakes – Inadvertence – Excusable Neglect – Fraud, etc. –**  On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; … (5) any other reason justifying relief from the operation of the judgment. The

motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. Relief under Tenn. R. Civ. P. 60.02 is available not only for mistakes attributable to the parties, but also for mistakes of the Trial Court or the Court Clerk. *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976).

To begin, we note that Plaintiff actually is not seeking relief from a final judgment, order or proceeding as related to the proposed agreed order. Rather, Plaintiff is seeking relief from the fact that the agreed order reinstating the case never was entered. The reality is that Plaintiff wants the case reinstated, and if the agreed order had been entered in March 2009, Plaintiff would not want relief from that order. Plaintiff is seeking relief from the order dismissing the case subsequent to its listing on the Trial Court's Procedural Steps List. Plaintiff, however, has stated no claim for relief under Tenn. R. Civ. P. 60.02 with regard to the order which dismissed the case. Because Plaintiff is not seeking relief from "a final judgment, order or proceeding" as to the agreed order, Plaintiff's claim for relief under Tenn. R. Civ. P. 60.02 is fatally flawed from the outset.

Furthermore, even if Plaintiff had a properly entered order from which to seek relief pursuant to Tenn. R. Civ. P. 60.02 as to the agreed order, the Trial Court clearly acknowledged that a mistake had occurred on the part of the Trial Court with regard to the failure to enter the agreed order. As such, Plaintiff's claim falls squarely under subsection (1) of Rule 60.02. Plaintiff concedes that she did not file for relief within the one year period allowed under the Rule for claims under Rule 60.02(1), and, thus, this avenue of relief would be barred.

Plaintiff attempts to avoid the one year limitation under Rule 60.02(1) by claiming that she is entitled to relief under subsection (5) of Tenn. R. Civ. P. 60.02, which does not contain the one year limitation. The circumstances in this case, however, clearly fall under subsection (1), and, as such, cannot be categorized as "any *other* reason" under subsection (5). Tenn. R. Civ. P. 60.02(5) (emphasis added). Subsection (5) of Tenn. R. Civ. P. 60.02 was designed to deal with circumstances *other than* those expressly covered in the other subsections, not to circumvent the one year time limitation, which would be the result if a party were allowed to use subsection (5) in the manner in which Plaintiff attempts to use it. For all of the foregoing reasons, Plaintiff is not entitled to relief under Tenn. R. Civ. P. 60.02.

Plaintiff's second theory is that she is entitled to relief under the doctrine of *nunc pro tunc*. As this Court has explained:

> A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake.

*Cantrell v. Humana of Tennessee, Inc.*, 617 S.W.2d 901, 902 (Tenn. Ct. App. 1981) (quoting Black's Law Dictionary 1267 (3rd Ed. 1933)). "The purpose of rendering an order "nunc pro tunc" is to make the record speak the truth by giving the order retroactive effect to compensate for the fact that an order previously granted was not entered of record at the earlier time." *Dewees v. Sweeney*, 947 S.W.2d 861, 863-64 (Tenn. Ct. App. 1996). We review a Trial Court's decision regarding the entry of an order *nunc pro tunc* for abuse of discretion. *Jackson v. Jarratt*, 52 S.W.2d 137, 139 (Tenn. 1932).

With regard to the subject of *nunc pro tunc*, our Supreme Court has instructed:

> The error justifying a *nunc pro tunc* entry must have been due to the inadvertence or mistake of the court and not counsel. *Cantrell v. Humana of Tenn., Inc.* 617 S.W.2d 901, 902 (Tenn. Ct. App. 1981) (quoting *Black's Law Dictionary* 1267 (3d ed. 1933)). Moreover, an entry of a judgment *nunc pro tunc* should only be granted when it can be shown by clear and convincing evidence that the judgment sought is the one previously announced. *Rush v. Rush*, 97 Tenn. 279, 37 S.W. 13, 14 (Tenn. 1896). It is not enough that the parties believe that a judgment has been filed, there must be clear and convincing evidence that the court announced its judgment, and, but for clerical error or mistake, the judgment was not filed for entry. *See Zeitlin v. Zeitlin*, 544 S.W.2d 103, 106 (Tenn. Ct. App. 1976).

*Blackburn v. Blackburn*, 270 S.W.3d 42, 50-51 (Tenn. 2008). Before a party may obtain entry of an order *nunc pro tunc*, "there generally must exist some written notation or memorandum indicating the intent of the trial court to enter the judgment on the earlier date." *Id*. at 54 (footnote omitted).

In the case now before us, Plaintiff sent the proposed agreed order to the Trial Judge rather than to the Court Clerk. The Court Clerk subsequently sent a cost bill for this agreed order to Plaintiff. Neither Plaintiff nor Defendant provided a copy of the proposed agreed order to the Court Clerk. Thus, it logically follows that the Trial Judge must have forwarded the agreed order to the Court Clerk's office with the intent that the order be entered, and the Court Clerk for that reason billed Plaintiff for entry of that order. The cost bill for the agreed order coupled with the Trial Judge's acknowledgment during the hearing that the mistake resulting in the agreed order failing to be entered lay with the Trial Court and

not with the attorneys or the parties constitutes clear and convincing evidence that the Trial Court intended that the agreed order be entered and, but for a clerical error or mistake, the agreed order would have been entered at that time.

The Trial Court clearly acknowledged that the error was due to the mistake of the Trial Court. We find that given the record now before us, the cost bill along with the proposed agreed order sent to the Trial Judge and then sent by the Trial Judge to the Court Clerk constitutes sufficient evidence of a written notation indicating that the intent of the Trial Court was that the agreed order be entered at the time the cost bill for the agreed order was sent to Plaintiff. As such, the Trial Court did not err when it granted Plaintiff's motion to have the agreed order entered *nunc pro tunc* to March of 2009. We, therefore, affirm the Trial Court's May 28, 2010 order.[2]

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Daniel Kueter, M.D. and his surety.

_____
D. MICHAEL SWINEY, JUDGE

---

[2]We note that Plaintiff's attorney after having the case dismissed due to lack of activity and obtaining the agreement of Defendant's attorney to enter an order reinstating the case then waited *more* than one year to even contact Defendant's attorney in order to move the case forward. We trust that given what in essence amounts to yet *another* chance, Plaintiff's attorney will not allow this case to continue to languish.